FILED
05/11/2023
*Sandy Erhardt*
CLERK
Gallatin County District Court
STATE OF MONTANA
By: Janett VanNuland
DV-16-2023-0000468-BF
Ohman, Peter B.
1.00

DOMENIC A. COSSI, ESQ.
J. ANDREW PERSON, ESQ.
WESTERN JUSTICE ASSOCIATES, PLLC
303 West Mendenhall, Suite 1
Bozeman, Montana 59715
Ph: (406) 587-1900
Fx: (406) 587-1901
*domenic@westernjusticelaw.com*
*andrew@westernjusticelaw.com*
*info@westernjusticelaw.com*

*Attorneys for Plaintiffs*

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
## GALLATIN COUNTY

| REBECCA SCHEETZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and JOHN DOES 1-5,<br><br>Defendant. | Cause No:<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff, Rebecca Scheetz, states as follows:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Rebecca Scheetz is a citizen and resident of Gallatin County, Montana where she purchased a home at 8164 Rolling Hills Drive, Bozeman, Montana.

2. Defendant State Farm Fire and Casualty Company (State Farm) is an insurance company authorized to do business in Montana and had an obligation to pay for Plaintiff's damages, whose headquarters is in Bloomington, Illinois.

3. Defendants John Does 1-5 are other people or entities that may be liable to the Plaintiff for the damages sought in this Complaint.

4. This Court has subject matter jurisdiction, because breach of contract and the torts at issue in this action were committed in Gallatin County.

5. This Court has personal jurisdiction over the Defendant named in this action under Rule 4(b), Mont.R.Civ.P. Defendant conducts business in this district, and Defendant engaged in the commission of an act or acts or failures to act that resulted in the accrual of a breach of contract and tort in Montana.

6. Venue properly lies in this Court because the acts and omissions giving rise to the Plaintiff's claims occurred here, and the property that was involved in this action is situated in the geographic area covered by Gallatin County.

## II.   GENERAL ALLEGATIONS

1. Plaintiff has a homeowners insurance policy with Defendant State Farm Fire and Casualty Company.

2. Plaintiff's coverage includes the A1 coverage "Replacement Cost Loss Settlement –Similar Construction."

3. On April 11, 2022, the Plaintiff's home received significant damage to the roof, flashing, window screens, and screen door, as well as significant damage to the greenhouse, gas grill, and the detached garage (including portions of the walls and roof being torn from the structure) during a severe windstorm.

4. On April 11, 2022, the Plaintiff filed a claim loss report with State Farm for the damage to her home from the storm. A State Farm adjuster came to assess the damage in a timely manner.

5. On April 21, 2022, State Farm sent a letter to the Plaintiff confirming her participation in the

State Farm Premier Service Roofing Services Program.

6. State Farm notified Plaintiff via telephone the total payable amount for her claim was $5,101.71.

7. State Farm notified Plaintiff that a check had been mailed directly to Plaintiff in the amount of $1,391.71($5,101.71 less the $3,710 deductible). This check was never received by the Plaintiff.

8. Plaintiff contacted State Farm to verify her mailing address and request stop payment on the mailed check and asked State Farm to issue a new check.

9. Plaintiff again contacted State Farm when the second mailed check did not arrive and requested a stop payment and for the payment to be directly deposited into her bank account.

10. On June 5, 2022, State Farm sent a letter to the Plaintiff stating an electronic payment was made in the amount of $1,391.71 for settlement of the Dwelling claim.

11. This electronic payment was never received by the Plaintiff.

12. On June 15, 2022, State Farm sent a letter to the Plaintiff requesting photos of the damage to the gas grill.

13. On July 21, 2022, Brennan Powell from PowCo Roofing submitted an estimate for a full roof replacement to Plaintiff for $23,168.97. Mr. Powell found wind damage to the roofs of both structures on the Plaintiff's property. Mr. Powell noted damage to the siding of the detached garage as well.

14. Mr. Powell also found that the shingles on both structures were discontinued which resulted in his estimate for full roof replacements.

15. On July 30, 2022, Plaintiff received a second opinion from Marty Sickler at Meridian Roofing. Mr. Sickler agreed the damage incurred during the windstorm warranted full roof replacements.

16. On August 22, 2022, Mr. Powell sent an email to State Farm with his justification of the full roof replacement. State Farm refused to pay for a full roof replacement.

17. On August 31, 2022, Mr. Powell sent an email to State Farm with new photos of the damage to the Plaintiff's roof per a request from State Farm to provide pictures proving the damage incurred warranted either a full replacement or a reinspection by State Farm.

18. On September 12, 2022, Mr. Powell sent a second email to State Farm regarding the photos of the damage to the Plaintiff's roof.

19. On October 11, 2022, Plaintiff met with a State Farm adjuster at the property. Although Mr. Powell was unable to attend, Plaintiff and the adjuster discussed attempting repair, meaning obtaining a shingle sample and placing it on the roof to evidence the shingles were not a reasonable color match.

20. At the direction of the adjuster, Plaintiff obtained a shingle sample board, placed the sample on the roof to demonstrate a lack of color match, took photos from the roof of the sample shingle board and sent them to Mr. Powell.

21. On October 17, 2022, Mr. Powell sent the shingle sample photos to State Farm indicating they were not a reasonable match.

22. On October 28, 2022, State Farm refused to pay for a roof replacement. State Farm stated it would reconsider the claim once they received suitable attempts to choose different, closer matching, shingles to coordinate with existing shingles.

23. Also on October 28, 2022, Plaintiff received a phone call from her State Farm claim manager. During this call, the claim manager let her know the photos submitted did not meet State Farm's minimum standards for an attempted repair. The claim manager advised the Plaintiff to obtain 10 shingles, lay them on the roof and take photos from the ground.

24. Plaintiff once again climbed on the roof, laid out the shingles, and took pictures of the

shingles on her roof, which reflected clear differences between the color of the potential replacement shingles and the old shingles.

25. On November 5, 2022, Plaintiff received a phone call from another new State Farm claim manager, the fourth claim manager to be assigned to her claim since it opened. The claim manager informed her the photos, which were based on the previous claim manager's direction, would not be sufficient to satisfy State Farm's requirements for matching.

26. State Farm suggested the Plaintiff purchase an entire bundle of shingles and then take photos of the unopened bundle at her home. Plaintiff was also advised to take photos of her opening the bundle and taking out shingles, photos of the shingles up close on the ground and roof, and finally photos of the shingles laid out on the roof from the roof and the ground. Plaintiff requested State Farm provide a list of required photos in writing.

27. On November 5, 2022, State Farm sent a letter to the Plaintiff requesting photos of roof packaging that shows the manufacturer name and color of the shingles.

28. Plaintiff has been unable to complete State Farm's request due to snow accumulation on her roof.

29. Plaintiff felt State Farm was giving increasingly complex requests without justification and was purposefully withholding pertinent information, both which impede the timely resolution of her claim. With snow on the roof and no indication from State Farm that the claim would be resolved soon, Plaintiff contacted the Montana Insurance Commissioner.

30. On November 18, 2022, Plaintiff filed a claim with the Montana Insurance Commissioner and included the recent photos. The Montana Insurance Commissioner forwarded Plaintiff's complaint and photos to State Farm.

31. After the Plaintiff filed a complaint with the Montana Insurance Commissioner, State Farm

issued a check dated November 29, 2022 in the amount of $1,391.71.

32. In a letter dated January 1, 2023, despite being provided with this evidence from the Montana Insurance Commissioner, State Farm insisted on replacing only the damaged shingles.

33. In a letter dated January 11, 2023, State Farm wrote to the Montana Insurance Commissioner "the insured has previously accepted and made repairs using shingles that are the same or similar to those we have suggested." This is an untrue statement. The Plaintiff has not made any repairs to the existing shingles on any portion of the roof in the six years she has owned the home. The Plaintiff has no knowledge of the previous owners making a repair prior to her purchase of the home.

34. As a direct and proximate result of Defendant's conduct, the Plaintiff has sustained damages, including, but not limited to out-of-pocket expenses, damage to her home, anxiety, inconvenience and frustration.

### III. CLAIMS FOR RELIEF

### COUNT ONE – BREACH OF CONTRACT

35. Plaintiff incorporates the foregoing allegations as if fully restated herein.

36. State Farm breached its contract when it failed to indemnify Plaintiff for her covered damages under the Policy.

37. State Farm's breach of contract caused damages to Plaintiff. As a result of State Farm's unreasonable actions, Plaintiff has suffered damages, including a lack of funds necessary to complete repairs, risk of further damage to the roof due to delays caused by State Farm, attorney fees, and litigation costs.

### COUNT TWO – DECLARATORY JUDGMENT

38. Plaintiff incorporates the foregoing allegations as if fully restated herein.

39. Plaintiff is entitled to a declaratory judgment that the Policy issued by State Farm is

ambiguous and violates the reasonable expectations of Plaintiff.

40. Plaintiff requests a declaration that claims made by Plaintiff related to the windstorm damage to her home required indemnity as well as necessary and supplemental relief.

## COUNT THREE – STATUTORY INSURANCE BAD FAITH

41. Plaintiff incorporates the foregoing allegations as if fully restated herein.

42. State Farm unreasonably violated Montana Code Annotated §§ 33-18-201(1), (4), (5), (6), and (13) when it failed to indemnify Plaintiff for covered damages.

43. As a result of State Farm's unreasonable actions, Plaintiff has suffered damages, including a lack of funds necessary to complete repairs, attorney fees, litigation costs, and anger, frustration, and angst.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For all compensatory damages to be proved at the time of trial, including attorney fees in an amount sufficient to return Plaintiff to the position she would have attained absent Defendant's wrongdoing;

2. To determine, declare and enter declaratory judgement fixing the rights of Plaintiff and the obligations of State Farm to pay Plaintiff the insurance benefits that Plaintiff is due.

3. For interest in accordance with §27-1-210, 27-1-211, §27-1-212 MCA and any other applicable authority;

4. For punitive damages in an amount sufficient to deter and serve as an example to others not to engage in similar conduct; and

5. For such other relief as the Court deems just.

## V.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

DATED this 11th day of May, 2023.

                WESTERN JUSTICE ASSOCIATES, PLLC

                /s/ Domenic A. Cossi
                DOMENIC A. COSSI, Esq.
                303 West Mendenhall, Ste. 1
                Bozeman, MT 59715
                *Attorney for Plaintiff*